[Cite as *State v. Schee*, 2016-Ohio-7634.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-15-076

        Appellee                                  Trial Court No. 2014-CR-0583

v.

Kimberly Schee                                   **DECISION AND JUDGMENT**

        Appellant                                 Decided:   November 4, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski, Chief Assistant Prosecuting Attorney, and Pamela A.
Gross, Assistant Prosecuting Attorney, for appellee.

Brian J. Darling, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is an appeal from the judgment of the Erie County Court of Common

Pleas, sentencing appellant, K.S., to 36 months in prison following her plea of guilty to

one count of endangering children.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} On December 18, 2014, appellant was indicted on one count of permitting child abuse in violation of R.C. 2903.15(A), a felony of the third degree, one count of complicity to commit endangering children in violation of R.C. 2923.03(A)(2), a felony of the second degree, one count of complicity to commit rape in violation of R.C. 2923.03(A)(2), a felony of the first degree, and one count of endangering children in violation of R.C. 2919.22(A), a felony of the third degree. Appellant's indictment followed the discovery that her husband, A.S., had been sexually abusing K.G., appellant's minor daughter from a previous marriage.

{¶ 3} According to appellant's appellate brief, A.S. began raping K.G. when she was nine years old, and continued doing so until she was 15 years old. Appellant was allegedly unaware of the sexual abuse until K.G. informed her of said abuse on September 23, 2013. After learning of the abuse, appellant filed for divorce from A.S. and decided to relocate the family to Milan, Ohio. A.S. followed the family to Milan. In January 2014, appellant, along with K.G., moved back in with A.S. after being evicted from her apartment. A.S.'s sexual abuse of K.G. resumed.

{¶ 4} On March 15, 2014, Milan police were informed of the sexual abuse by one of appellant's co-workers. After investigating the matter, Milan police determined that A.S. had abused K.G. in Erie, Huron, and Knox counties. A.S. was subsequently convicted of several counts of rape and sentenced to life in prison without the possibility

2.

of parole. Appellant was charged with the aforementioned counts as a result of her conduct during the period of time in which she resided with A.S. in Milan.

{¶ 5} At her arraignment, appellant filed a plea of not guilty. The matter proceeded through pretrial and a trial date was set. However, on August 17, 2015, a plea hearing was held at which time appellant tendered a guilty plea to the endangering children count in exchange for the state's dismissal of the other charges and agreement not to oppose community control sanctions. After a thorough Crim.R. 11 colloquy, the court accepted appellant's guilty plea and continued the matter for sentencing.

{¶ 6} At sentencing, the court noted its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The trial court went on to express doubt as to appellant's remorse for failing to report the abuse earlier. The court further found that the injury to K.G. was serious and was exasperated as a result of her age. The court also noted that appellant's relationship to the victim facilitated the offense. Based upon its finding that appellant's conduct was more serious than conduct normally constituting the offense, the court found that community control was inappropriate. Rather, the court imposed the maximum prison sentence of 36 months. Appellant's timely appeal followed.

## B. Assignment of Error

{¶ 7} On appeal, appellant presents the following assignment of error for our review:

3.

The trial court's sentencing of appellant [K.S.] to thirty-six months in prison was clearly and convincingly contrary to law and an abuse of discretion, and this court should remand the case to the trial court for resentencing.

## II. Analysis

{¶ 8} In her sole assignment of error, appellant argues that the trial court's sentence was clearly and convincingly contrary to law.

{¶ 9} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a dispute sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} Appellant contends that the court failed to abide by the principles and purposes of sentencing under R.C. 2929.11, and improperly evaluated the seriousness and recidivism factors under R.C. 2929.12. R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the

4.

court determines accomplish those purposes * * *." In order to comply with the mandates of R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In carrying out its obligations to impose a sentence that is consistent with the purposes and principles of sentencing under R.C. 2929.11, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors indicating the likelihood that the offender will commit future crimes contained in R.C. 2929.12(D) against the factors indicating that the offender is not likely to commit future crimes contained in R.C. 2929.12(E).

{¶ 11} Regarding the trial court's examination of the factors contained in R.C. 2929.12, we have previously stated: "While the phrase 'shall consider' is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. * * * Merely stating that the court considered the statutory factors is enough." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960

N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 12} Here, the trial court not only indicated its consideration of the statutory factors at sentencing and in its sentencing entry, it also went on to parse through several individual factors, indicating which were applicable and which were not. The court found that appellant generally led a law-abiding life and was not adjudicated a delinquent child or convicted of any prior crimes, factors that tended to indicate she is unlikely to commit future crimes under R.C. 2929.12(E). However, the court offset those factors by stating its concern that the circumstances of the offense were likely to recur under R.C. 2929.12(E)(4) given appellant's indifference to the abuse for an extended period of time, as well as its concern for appellant's lack of remorse under R.C. 2929.12(E)(5). Concerning the factors under R.C. 2929.12(B) that indicated appellant's conduct was more serious than conduct normally constituting the offense, the court determined that K.G.'s age, the severity of the harm, and appellant's relationship to K.G. were relevant in this case. The court found that none of the less serious factors applied under R.C. 2929.12(C).

{¶ 13} Upon consideration of the trial court's statements at the sentencing hearing, as well as the language contained in its sentencing entry, we conclude that the trial court complied with its obligations under R.C. 2929.11 and 2929.12. Therefore, we hold that appellant's sentence was not clearly and convincingly contrary to law. Accordingly, appellant's assignment of error is not well-taken.

6.

### III.  Conclusion

{¶ 14} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____

Stephen A. Yarbrough, J.
CONCUR.

JUDGE

_____
JUDGE

7.